UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM THOMAS WINNETT II, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:19-CV-854-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| IAN KHIMES, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William Thomas Winnett II filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the action pursuant to 28 U.S.C. § 1915A.

Subsequent to filing the complaint, Plaintiff filed a letter [R. 6] in which he alleges additional facts. The Court construes the letter as a motion to amend the complaint and **GRANTS** the motion to amend. *See* Fed. R. Civ. P. 15(a). The Clerk of Court is **DIRECTED to re-docket** the letter [R. 6] as an amended complaint dated as of its filing date.

For the reasons set forth below, the Court will dismiss one of the Defendants and give Plaintiff an opportunity to file a second amended complaint.

**I.     Background**

Plaintiff is a convicted inmate who brings suit concerning an incident which occurred when he was incarcerated at the Larue County Detention Center (LCDC). He sues LCDC and Ian Khimes, whom he identifies as a county inmate at LCDC.

Plaintiff represents that he was assaulted by inmate Khimes on or about October 9, 2019. [R. 1 p. 4] He states, "This was done under video survailence [*sic*] yet no guard came to stop the

attack and I recieved [*sic*] a fractured jaw and 2 broken teeth and a fractured ankle which has gone untreated since the attack and still needs medical attention." [*Id.*] He further asserts that Khimes "violated my right to safety by choosing to assault me and threatened to do so a second time if I sought medical attention for my injuries." [*Id.*]

Plaintiff states that on the day he was assaulted Khimes threatened him several times. [*Id.* at p. 6] He identifies ten other inmates who witnessed the alleged attack. [*Id.*] He states, "There are cameras that exist that should have been being monitored at this time." [*Id.*] He reports that as a result of the attack he has two broken teeth, one loose tooth, and a fractured jaw. [*Id.*] He states, "I still need my teeth fixed and my jaw reset straight." [*Id.*]

Plaintiff further asserts, "I wish to file suite [*sic*] against the [LCDC] for not responding to camera capturable behavior and neglect for placeing [*sic*] Mr. Ian Khimes into a cell where I was when he has to take medication to control violent episodes." [*Id.*] He continues, "I wish to file suite [*sic*] against Mr. Ian Khimes for assault 2nd degree and for my injuries that need medical attention and punitive damages." [*Id.*] Plaintiff asserts that he is seeking damages for "neglect and lack of duty performance" against LCDC. [*Id.* at p. 7] He states that he is seeking damages for "assault in the 2nd degree" and "for bodily injuries and medical funding as well as punitive damages against Mr. Ian Khimes or the State of Kentucky whom is responsible for the actions of [Khimes] as a Larue County inmate that should not have been housed with state inmates to begin with." [*Id.*]

Plaintiff maintains that he "still can not chew food and am having severe pain in my teeth and bleeding around the loose tooth in the front lower right." [*Id.*] He states that Khimes hit him in the jaw at least eight times. [*Id.*] He requests that Khimes receive the "maximum sentence of 10 years without parole for his actions." [*Id.* at p. 8]

In the Relief section of the complaint form, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "placement in SAP outside of prison/jail." [*Id.* at p. 5]

In the amended complaint, Plaintiff states that he is not sure if Khimes' name is spelled "Klimes," "Kilmes," or "Khimes." [R. 6 p. 3]  He also asserts that he believes that the attack on him "was pre meditated and that the Class-D-Cor. Chad Bennett was aware of the assault before it took place . . . ." [*Id.*]  Plaintiff states that the basis for this belief is the following:

> I and Mr. Khimes had already been cellmates in # 111B prior to his assault on me. We had not any conflict with one another.  I wrote a letter to the DOC calling Mr. Chad Bennett a liar for saying he had told me in writing that my SAP aplication [*sic*] had been faxed to the DOC and I didn't believe that he had.  So, the very day Mr. Khimes was returned to cell # 111B he attacked me as soon as the lights were turned off that night.  Mr. Khimes had threatend me several times that day and I told him I didn't understand why he was wanting to hurt me but I was not going to fight with him.  Mr. Khimes had 13-E cigarettes on the next commissary day and Mr. Khimes was an indigent inmate and unable to purchase commissary items at all.  That seems to be more than a coinsidence [*sic*] to me. All of this can be verified by video survailence [*sic*].

[*Id.* at pp. 3–4]

## II.   Standard

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. Discussion

#### A. Claim against LCDC

Plaintiff sues LCDC. However, LCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Larue County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Larue County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

The Court will therefore construe the claims against LCDC as claims brought against

4

Larue County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was attacked by another inmate, that officers

failed to intervene, and that the attack "was pre meditated and that the Class-D-Cor. Chad Bennett was aware of the assault before it took place . . . ." However, Plaintiff does not allege that anyone acted pursuant to a policy or custom implemented or endorsed by Larue County in causing his alleged harm. Plaintiff's complaint appears to allege occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Therefore, the complaint fails to establish a basis of liability against Larue County, and Plaintiff's claims against LCDC must be dismissed for failure to state a claim upon which relief may be granted.

### B. Claim against Defendant Khimes

Construing the complaint and amended complaint broadly, Plaintiff alleges that Khimes conspired with LCDC employee Bennett to attack him. Upon review, the Court will allow Plaintiff's § 1983 and state-law assault claims to proceed against Khimes.

However, with regard to Plaintiff's attempt to bring criminal charges against Khimes, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Because Plaintiff is a private citizen, he cannot initiate criminal charges in this Court against anyone.

6

### C. Allegations against Bennett and other claims

Plaintiff makes allegations concerning Bennett and complains about lack of medical treatment for his injuries. However, he has not named Bennett as a Defendant and has not named any medical personnel who allegedly denied him treatment. Moreover, to the extent that he alleges LCDC officers failed to protect him from the attack, he has not named any officer who allegedly did so. The claims are therefore subject to dismissal.

However, the Court will allow Plaintiff to file a second amended complaint naming all Defendants he wishes to sue and stating specific factual allegations as to how each Defendant allegedly violated his rights.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

The Court notes that Plaintiff is now housed at Fulton County Detention Center (FCDC). To the extent that Plaintiff is alleging that he is currently being denied medical treatment, he may file a separate § 1983 action alleging such claims. The Court will direct the Clerk of Court to send Plaintiff a § 1983 complaint form packet should he choose to do so.

### IV. Conclusion

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.  The Court **GRANTS** Plaintiff's construed motion to amend the complaint [**R. 6**].

2.  The Clerk of Court is **DIRECTED to re-docket** Plaintiff's letter [**R. 6**] as an amended complaint dated as of its filing date.

3.  Plaintiff's claim against LCDC is **DISMISSED** pursuant to 28 U.S.C.

---

[1] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4. Within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file a second amended complaint**. If he does so, Plaintiff must name as Defendants the specific individual(s) whom he alleges caused him harm, state the specific factual allegations he believes support his claim against each individual defendant, and sue each individual in his/her individual capacity. Plaintiff must also tender a summons form for each Defendant he sues. The Court will conduct an initial review of the second amended complaint in accordance with 28 U.S.C. § 1915A.

5. The Clerk of Court is **DIRECTED** to place the instant case number and word **"Second Amended"** on a § 1983 complaint form, along with three summons forms, and send them to Plaintiff for his use.

6. If Plaintiff does not file a second amended complaint within 30 days, the Court will enter a Service and Scheduling Order governing the claims against Khimes which the Court has allowed to proceed.

7. The Clerk of Court is further **DIRECTED** to send Plaintiff a **blank § 1983 complaint packet** should Plaintiff choose to file suit concerning medical treatment at his current institution.

This the 11th day of May, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
    Larue County Attorney
A958.010

8