UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM THOMAS WINNETT II, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 3:19-CV-854-CHB |
| | ) |
| v. | ) |
| | )  **MEMORANDUM OPINION AND** |
| IAN KHIMES, *et al.*, | )  **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William Thomas Winnett II filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. By Memorandum Opinion and Order entered on May 11, 2020 [R. 9], the Court conducted an initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. The Court allowed Plaintiff's § 1983 and state-law assault claims to proceed against Defendant Ian Khimes, an inmate at the Larue County Detention Center (LCDC). It also gave Plaintiff the opportunity to file a second amended complaint to name as Defendants the specific individual(s) whom he alleged caused him harm, state the specific factual allegations he believed supported his claim against each individual defendant, and sue each individual in his/her individual capacity. Plaintiff filed a second amended complaint [R. 10], which is now before the Court for initial review.

Plaintiff additionally filed a second application to proceed without the prepayment of fees [R. 11]. However, he has already been granted *in forma pauperis* status. Accordingly, Plaintiff's second application to proceed without the prepayment of fees is denied as moot.

Upon initial review of the second amended complaint, for the reasons set forth below, the Court will dismiss some of the claims and allow others to proceed for further development.

I.      **Summary of Allegations**

Plaintiff is a convicted inmate who was incarcerated at LCDC at the time of the alleged events.  In the complaint and first amended complaint, Plaintiff asserted that he was assaulted by inmate Khimes on or about October 9, 2019. [R. 1 p. 4]  He stated, "This was done under video survailence [sic] yet no guard came to stop the attack and I recieved [sic] a fractured jaw and 2 broken teeth and a fractured ankle which has gone untreated since the attack and still needs medical attention." [Id.]  He further asserted that Khimes "violated my right to safety by choosing to assault me and threatened to do so a second time if I sought medical attention for my injuries." [Id.]  Plaintiff further alleged that he believed that the attack on him "was pre meditated and that the Class-D-Cor. Chad Bennett was aware of the assault before it took place . . . ." [R. 6 p. 3]  Plaintiff stated as the basis for this belief as follows:

> I and Mr. Khimes had already been cellmates in # 111B prior to his assault on me. We had not any conflict with one another.  I wrote a letter to the DOC calling Mr. Chad Bennett a liar for saying he had told me in writing that my SAP aplication [sic] had been faxed to the DOC and I didn't believe that he had.  So, the very day Mr. Khimes was returned to cell # 111B he attacked me as soon as the lights were turned off that night.  Mr. Khimes had threatend me several times that day and I told him I didn't understand why he was wanting to hurt me but I was not going to fight with him.  Mr. Khimes had 13-E cigarettes on the next commissary day and Mr. Khimes was an indigent inmate and unable to purchase commissary items at all.  That seems to be more than a coinsidence [sic] to me. All of this can be verified by video survailence [sic].

[Id. at pp. 3–4]

In his second amended complaint, Plaintiff sues the following Defendants in their individual and official capacities: Jamie Underwood, the LCDC Jailer; Captain House, Deputy Hayes, and Russel McCoy, whom he identifies as LCDC officers; and Chad Bennett, identified as a Class C Coordinator. [R. 10 pp. 1–3]

Plaintiff states that when he entered LCDC in August 2019 Defendant House told him

2

that it was "the duty of myself and of my staff here at my jail to make sure that you leave here in the same safe condition as you are/were when you came here . . . ." [*Id.* at p. 4] Plaintiff asserts, "Mr. House and the rest of his staff failed to do so and showed no concern for my safety and made no attempt to help me when I was injured while in their care at the time I was assaulted in [LCDC] in October 2019." [*Id.* at pp. 4–5] He continues, "The officers employed at the [LCDC] ignored my injuries that were captured on video surveyalence [*sic*] and were clearly visible during meal pass and head count for weeks after I was injured." [*Id.* at p. 5]

Plaintiff represents that in September 2019 he wrote a letter to the Kentucky Department of Corrections [KDOC] Substance Abuse Program Coordinator stating that he had tried to mail two different applications from the LCDC but that the Class C Coordinator, Defendant Bennett, refused to sign the applications and return them to him for mailing. [*Id.* at p. 7] He also asserts that he wrote the KDOC coordinator that he thought that Defendant Bennett lied about faxing his application to the KDOC. [*Id.*] He states, "It was within 2 weeks of the time I had sent that letter out to be mailed that I was attacked and assaulted by Mr. Ian Khimes. This is the reason I believe that Chad Bennett and Russel McCoy paid Ian Khimes to assault me." [*Id.*] Plaintiff asserts, "The fact still remains that whether or not Ian Khimes was hired by the staff at [LCDC]. To assault me, he chose to do so willfully and his actions were premeditated. [] Whether the assault was an act of negligence inspired by the officers at [LCDC] or not." [*Id.*]

Plaintiff maintains as follows:

It is Department of Corrections Kentucky state policy (a written contract of insurance), that it is an obligation of any and all correctional officers to prevent or stop any harm or assault on an inmate and by process of head count and facial recognition to intervene if and when someone appears to have been involved in any altercation.

[*Id.*]

He continues, "The entire left side of my face was swollen and I had blood comeing out of the lacerations on my face and neck. I had a black eye and my clothing was covered in blood." [*Id.*] Plaintiff states, "My appearance was ignored by the following officers at [LCDC] after I was assaulted by Ian Khimes, October 2019. Chad Bennett, Russel McCoy, Capt. House, Dept. Hayes, Dept. Hoeback; Dept. Howard, and Jane Doe's, Mrs. Kim, Mrs. Miranda, Sargent Tori." [*Id.*]

Plaintiff states that he is "suffering PTSD, anxiety and tooth pain as well as have an offset jaw and keyloid scars from the assault I received at the [LCDC]." [*Id.* at p. 5] As relief, he seeks compensatory and punitive damages and release on parole or transfer to Illinois "to avoid the parties in this suit from reaching me through DOC of Ky. or any other facility in Ky."[1] [*Id.*]

**II.    Standard**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Plaintiff attached a page to his complaint, captioned "The Perfect Example," which describes an altercation between two inmates at the Fulton County Detention Center (FCDC). [R. 10-1 p. 3] Plaintiff claims that FCDC officers "turn[ed] a blind eye" to the altercation. [*Id.*] He also filed a separate letter [R. 12] in which he further discusses conditions at FCDC. As the Court advised Plaintiff in the prior Memorandum Opinion and Order [R. 9], if Plaintiff wishes to assert claims based on his current incarceration at FCDC, he may file a separate § 1983 action alleging such claims. The Court has already directed the Clerk of Court to send Plaintiff a § 1983 complaint form.

4

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.    Analysis

### A.    Official Capacity Claims

Plaintiff sues each of the newly named Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The newly named Defendants are employees of Larue County. Therefore, Plaintiff's official capacity claims are construed as brought against Larue County.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the

5

alleged constitutional deprivation. *Id.* To state a claim, a plaintiff must "identify the policy, connect the policy to the [municipality or entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Larue County which caused his alleged injuries. The complaint alleges actions affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's official capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

**B.    Individual Capacity Claims**

**1.    Defendant Underwood**

Plaintiff lists Defendant Underwood as a Defendant, but the complaint contains no other reference to him. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved

in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976). Because Plaintiff has not alleged any personal involvement by Defendant Underwood, the claim against him must be dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendant Underwood liable based on his supervisory authority as Jailer of LCDC, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior."). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. To establish supervisory liability in a § 1983 action,

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). The complaint makes no factual allegations against Defendant Underwood and, therefore, fails to allege that he encouraged or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the individual capacity claim against Defendant Underwood will be dismissed for failure to state a claim upon which relief may be granted.

    **2.    Other Defendants**

Upon review, the Court will allow Eighth Amendment claims of excessive force and deliberate indifference to safety to proceed against Defendants Bennett and McCoy in their

7

individual capacities and Eighth Amendment claims of deliberate indifference to serious medical needs to continue against Defendants Bennett, McCoy, House, and Hayes in their individual capacities. The Court has already allowed Eighth Amendment excessive force and state law assault claims to proceed against Khimes. In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

      **C.**    **Relief**

Plaintiff seeks injunctive relief in the form of release on parole or transfer. Release on parole is not an available form of relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, the Court does not have the authority to supervise the assignment of inmates to particular institutions, and an inmate does not have a protected right to be assigned to a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). Therefore, Plaintiff's request for release from custody or transfer will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**    **Conclusion**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

    1.    Plaintiff's second application to proceed without the prepayment of fees [**R. 11**] is **DENIED as moot**.

    2.    Plaintiff's official capacity claims against all Defendants; individual-capacity claims against Defendant Underwood; and request for release on parole or transfer are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. The **Clerk of Court is DIRECTED to terminate Defendant Underwood** as no claims remain against him.

4. The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to continue.

This the 9th day of July, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
　　Defendants
　　Larue County Attorney
A958.010